IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00715-RPM

NAVIGATORS SPECIALTY INSURANCE COMPANY

      Plaintiff,

vs.

DOUGLAS BELTMAN,
ANN MAEST, and
STRATUS CONSULTING, INC.,

Defendants and Counterclaim Plaintiffs,

vs.

HARTFORD FIRE INSURANCE COMPANY,
HARTFORD CASUALTY INSURANCE COMPANY, and
TWIN CITY FIRE INSURANCE COMPANY,

Counterclaim Defendants.

_____

**CONFIDENTIALITY AND PROTECTIVE ORDER**
_____

      UPON the Unopposed Motion of Defendants and Counterclaim Plaintiffs Douglas Beltman, Ann Maest and Stratus Consulting, Inc. (collectively, the "Stratus Parties") dated November 22, 2011 for an Order regarding the protection of confidential material pursuant to the stipulation of the parties submitted in support of said motion;

**IT IS HEREBY ORDERED** that the motion is granted; and

**IT IS HEREBY FURTHER ORDERED** that:

1.      "Confidential Information" shall include the documents, testimony, and information that the designating party in good faith considers the disclosure of such material to be detrimental to the conduct of the party's business or the business of any of that party's customers or clients.  These materials shall include all documents (or information contained therein) that reflect confidential research, development, trade secrets, proprietary business information, competitively sensitive information, commercial, customer, financial, personnel or business information, data, or plans, or personal financial or medical information about that party or that party's family members.

2.      Unless otherwise ordered by the Court, Confidential Information shall not be used for any purpose other than participation in the above-captioned action, and shall not be disclosed to any person, except the parties, their counsel of record in this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the prosecution or defense of this action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder.

3.      In addition to the parties and their counsel (and the other persons identified in paragraph 2), Confidential Information may also be shown to consultants

and expert witnesses, whether or not they will testify at trial, subject to the terms of paragraph 4, below, deponents, testifying witnesses at trial, the Court (including court stenographers and such other court personnel as appropriate) and the jury, in open court.

4.      Counsel for the parties may show Confidential Information to consultants or expert witnesses, whether or not they will testify at trial, upon the condition that such persons read this Order and consent in writing to be bound by its terms by signing an Affidavit in the form of Exhibit A (the "Affidavit"). Counsel retaining or consulting such consultant or expert witness shall retain the original of such signed Affidavit.

5.      Unless authorized to do so by Court order, Confidential Information may not be shown or disclosed to persons not otherwise specifically authorized herein.

6.      The designation of Confidential Information for purposes of this Order shall be made in the following manner:

(a)     documents or other materials (apart from deposition or other pre-trial testimony and discovery responses) containing Confidential Information shall, without obscuring legibility, be stamped on the first page or cover:

> CONFIDENTIAL -- THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER LIMITING ACCESS HERETO. DO NOT DISCLOSE IN VIOLATION OF COURT ORDER. CIVIL ACTION NO. 1:11-cv-00715-RPM

(b)     with respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile or email) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony.  Counsel for the party-deponent shall affix the legend "Confidential", as appropriate, to the first page and all subsequent pages of the original transcript that contains designated material, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.  Only those portions of each transcript so designated shall be deemed to be Confidential.  All transcripts of depositions or other pre-trial testimony shall be deemed to be Confidential until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, although such status will terminate at that time if a designation of Confidential Information has not been made in accordance with this subparagraph (b); and

(c)     with respect to discovery responses:  by imprinting the word "Confidential" next to or above any response to a discovery request.

7.     Counsel shall not disclose any Confidential Information in any hearing or any other proceeding open to the public without first providing reasonable notice to the party who designated the material as Confidential Information, subject to paragraph 11 of this Order.

8.      Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection.  If ordered by the Court, any submission to the Court containing Confidential Information or a description thereof, and every document, memorandum, brief, deposition transcript, or other item containing Confidential Information or a description thereof, shall bear the legend described in paragraph 6(a), above, on the cover page and shall be filed with the Clerk of the Court under seal and shall not be available for inspection, except as provided for in paragraphs 2 and 3, above, or unless otherwise ordered by the Court.

9.      Any document, testimony or information containing Confidential Information that has been inadvertently produced without designation as Confidential Information may be so designated by the party asserting that it is confidential (the "Designating Party") by written notice to counsel to the receiving parties identifying the document, testimony or information as Confidential Information within a reasonable time following the discovery that the document, testimony or information has been produced without such designation.

10.     Any party to the above-captioned action may designate as Confidential Information a document, testimony or information containing information related to that party and produced by another party if, within fifteen (15) business days after receipt of any such document(s), testimony or information, that party provides written notice to the counsel of the remaining parties designating the material as Confidential Information. Upon notice of such designation, the designated document(s), testimony and information shall be marked in the manner set forth in paragraph 6 above, and such document(s), testimony and information shall be treated as Confidential Information subject to the terms of this Order.

11.     A party may object to the designation of particular **Confidential Information** by giving written notice to the party designating the disputed information, document or testimony. The written notice shall identify the information, document or testimony to which the objection is made and the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If the parties cannot resolve the objection within fifteen (15) business days after the date the notice is received, it shall be the obligation of the party designating the information, **document or testimony** as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information, document or testimony shall be subject to the terms of this Order.  Any such motion shall be filed within fifteen (15) business day of receipt by counsel of notice of opposing counsel's objection.  If such a motion is timely filed, the disputed

information, document or testimony shall be treated as Confidential under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information, document or testimony shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information, document or testimony as Confidential shall bear the burden of establishing that good cause exists for the disputed information, document or testimony to be treated as Confidential.

12.     Within fifteen (15) business days after the final termination of this action by settlement or exhaustion of all appeals, the parties' counsel will promptly return to the producing party's counsel all copies of any Confidential Information, together with a written representation that there are no other copies of such Confidential Information held by them.

13.     All persons bound by this Order shall be liable for the unauthorized dissemination of Confidential Information, for any breach of the terms of this Order, and for the costs and attorneys' fees incurred by the designating party in connection with the enforcement of the terms of this Order, and such persons hereby waive any opposition to the granting of such injunctive or other relief as is necessary to remedy a breach of this Order.

14.     By agreeing to this Order, the parties adopt no position as to the authenticity or admissibility of documents, testimony or information produced subject to it.

15.     All duties and obligations imposed by this Order shall be deemed to survive the termination of this action, and the Court shall maintain continuing jurisdiction with respect to this Order.

Dated: November 29th , 2011

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge

#643508v5

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO          )
                                                )
COUNTY OF _____)

_____, swears or affirms and states under penalty of perjury:

1.  I have read the Confidentiality Order and Protective Order in Civil Action No. 1-11-cv-00715-RPM ("Civil Action"), a copy of which is attached to this Affidavit.

2.  I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Confidentiality Order and Protective Order.

3.  I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Confidentiality Order and Protective Order.  I will not use the Confidential Information for any purpose other than the Civil Action.

4.  For the purposes of enforcing the terms of the Confidentiality Order and Protective Order, I hereby submit myself to the jurisdiction of the court in the Civil Action .

5.  I will abide by the terms of the Confidentiality Order and Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: _____